**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BLEU BLAZE DONAHUE,                    )
                                       )
                    Plaintiff,         )
        v.                             )        Civil Action No. 26-1353 (UNA)
                                       )
AMY E. POTTER, *et al.*,               )
                                       )
                    Defendants.        )

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on consideration of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

Defendant Potter is a United States Magistrate Judge for the District of Oregon, *see* Compl., Attach. (ECF No. 1-1) at 5 (page numbers designated by CM/ECF), and defendant Aiken is a United States District Judge for the District of Oregon, *see id*. at 6. It appears that a civil case assigned to Judge Aiken was referred to Magistrate Judge Potter, *see id*., who, on February 24, 2026, "issued a Findings & Recommendation (F&R) . . . recommending that [p]laintiff's motion to amend be denied and that the entire case be dismissed with prejudice," *id*. at 7.

"On April 9, 2026, two days after [p]laintiff filed his recusal request, [Judge] Aiken issued an Order . . . adopting [the] F&R in full and dismissing the case with prejudice." *Id*. at 8. According to plaintiff, Judge Aiken did not rule on the recusal request and declared plaintiff's then-pending motions moot. *See id*. Plaintiff claimed to have suffered violations of rights protected under the First, Fifth and Sixth Amendments to the United States Constitution, *see id*., loss of liberty, *see id*. at 9, and psychological, reputational and financial harm, *see id*. at 9-10.

Among other relief, plaintiff has demanded $10 billion from each defendant for compensatory and punitive damages.  *See id*. at 10.

Plaintiff's own factual allegations require this Court to dismiss the complaint for lack of subject matter jurisdiction.   "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]"  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D. C. Cir.1993).  "In determining whether a judge was acting in his judicial capacity, courts should look to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (citations and internal quotation marks omitted), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).  The acts about which plaintiff complains – dismissing a complaint, resolving pending motions, issuing and adopting an F&R  – are acts a judge or magistrate judge normally performs.  *See Cannady v. Kyndryl Holdings, Inc*., No. 24-cv-3638 (AHA), 2025 WL 2977582, at *3 (D.D.C. Oct. 22, 2025) ("Issuing bond orders and denying motions are actions routinely performed by judges."); *Thomas*, 61 F. Supp. 3d at 19 (finding that federal district judge "was clearly acting in his judicial capacity when he refused to file various court documents submitted by Plaintiff," as "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit").

Plaintiff acknowledges that the actions described in his complaint "were taken in [defendants'] official capacities as federal judicial officers," Compl., Attach. at 6, such that Judge Aiken and Magistrate Judge Potter both are entitled to absolute judicial immunity from suit.  *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (holding that "judicial immunity is an immunity from

suit, not just from ultimate assessment of damages"); *Bailey v. Kay*, 296 F. App'x 96, 97 (D.C. Cir. 2008) (per curiam) (affirming dismissal of claim for damages against a federal magistrate judge is barred by the doctrine of judicial immunity).

A separate Order will issue.


DATE: May 18, 2026                              /s/
                                               CHRISTOPHER R. COOPER
                                               United States District Judge